**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4340-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARWIN RODRIGUEZ-
FERREIRA,

    Defendant-Appellant.

_____

Submitted September 16, 2021 – Decided September 21, 2021

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No 10-10-1807.

Darwin Rodriguez-Ferreira, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Darwin Rodriguez-Ferreira appeals from the June 30, 2019 Law Division order, which denied his second petition for post-conviction relief (PCR). We affirm.

The facts underlying defendant's conviction are summarized in State v. Rodriguez-Ferreira, No. A-0855-11 (App. Div. May 7, 2014) (Rodriguez-Ferreira I); State v. Rodriguez-Ferreira, No. A-1831-15 (App. Div. July 20, 2017) (Rodriguez-Ferreira II); and State v. Rodriguez-Ferreira, No. A-1235-18 (App. Div. Mar. 5, 2020) (Rodriguez-Ferreira III). Therefore, we need not reiterate them again here, except for the following points that are relevant to the issues presented in the present appeal.

The victim died of multiple stab wounds. Rodriguez-Ferreira I, (slip op. at 2). Thereafter, the police found a blood-stained knife wrapped in boxer shorts. Id. at 2-3. The police later executed a search warrant of defendant's home after he had fled the United States and discovered blood stains on the floor. Ibid.

This evidence was tested for DNA. Id. at 3. The blood on the knife contained the victim's DNA, and defendant's DNA was found on "skin cells scraped from the inside of the boxer shorts. . . ." Ibid. The victim's DNA was also found in a swab taken from a blood stain found in defendant's home. Ibid.

2

At defendant's trial, the State presented DNA experts from the New Jersey State Police and from the New York City Office of the Chief Medical Examiner, who "testified as to the results of the various DNA tests." Rodriguez-Ferreira III, (slip op. at 2).

Following the trial, the jury convicted defendant of murder, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose. Rodriguez-Ferreira I, (slip op. at 1). After appropriate mergers, the judge sentenced defendant to thirty years in prison with a thirty-year period of parole ineligibility on the murder charge, and to a consecutive eighteen-month term on the unlawful possession of a weapon charge. Ibid. On defendant's direct appeal, we affirmed his conviction, but remanded the matter to the Law Division for an explanation of the court's reasons for imposing the consecutive sentence. Id. at 2.

In his first petition for PCR, defendant argued that his trial attorney provided ineffective assistance because he did not request a Frye[1] hearing challenging the testimony of one of the DNA experts who had allegedly tested the boxer shorts using a "Low Copy Number DNA test" that had not previously been deemed admissible in a reported decision by any New Jersey court.

---

[1] Frye v. United States, 293 F. 1013, 1014 (D.C. Cir. 1923).

Rodriguez-Ferreira II, (slip op. at 4-5, 7-8). Following the Law Division's denial of defendant's PCR petition, we reversed and remanded the matter for a plenary hearing on the question of whether defense counsel was ineffective for not requesting a Frye hearing to investigate this esoteric form of DNA testing and instructed the trial court to conduct such a hearing if necessary. Id. at 8.

On remand, the State's expert was able to demonstrate that the boxer shorts were not analyzed using a Low Copy Number DNA test and, instead, "were tested using a 'high template' DNA testing procedure, a routine test accepted in our courts." Rodriguez-Ferreira III, (slip op. at 4-5). Accordingly, the issue to be addressed on the remand was moot and we affirmed the Law Division's decision not to conduct a Frye hearing. Id. at 5-6.

Defendant then filed his second PCR petition and raised two contentions. First, defendant alleged that his PCR attorney had been ineffective because he did not argue that defendant's trial counsel should have challenged the search conducted by the police because "no one was home at the time the search warrant was executed and this fact should have been contested by the trial counselor." However, as Judge Sheila A. Venable explained in her written decision denying defendant's petition, it is clear that police officers may execute a search warrant of a home in the absence of the homeowner or other occupants. See State v.

Bilancio, 318 N.J. Super. 408, 418 n.2 (App. Div. 1999) ("not[ing] that it is firmly established that the police are not required to wait for the return of the occupants of an unoccupied residence before executing a search warrant") (citations omitted).

In defendant's other argument, he asserted that his PCR attorney improperly failed to challenge defendant's trial and appellate counsels' decision not to contest the DNA results on the ground that it was possible that the evidence seized by the police could have been tampered with and contaminated. However, defendant offered no further support for this bald allegation and Judge Venable rejected it. This appeal followed.

On appeal, defendant raises the same two contentions he unsuccessfully pursued in the Law Division. He argues:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S SECOND PCR PETITION WITHOUT INVESTIGATING THE RECORD[.] A REMAND IS NECESSARY FOR AN EVIDENTIARY HEARING BECAUSE [THE] PCR COURT HAS ISSUED A FINDINGS [SIC] OF FACT AND CONCLUSIONS [SIC] OF LAW ON THE [(]UNRESOLVED[)] [PCR] CLAIMS THAT DEFENDANT RAISED IN HIS PRO SE VERIFIED PETITION WHICH WAS THE BASIS FOR DEFENDANT'S PCR CLAIMS REGARDING TRIAL

5

COUNSEL AND APPELLATE COUNSEL'S INEFFECTIVENESS ON DIRECT APPEAL.

A.   Defendant Was Denied Due Process On Direct Appeal When His Appellate Counsel Failed To Raise Issue Concerning Contaminated DNA Evidence Based on Chain Of Custody/Mishandling Of DNA Samples.

POINT II

THE PCR COURT ERRED IN DENYING RELIEF BECAUSE PCR COUNSEL ON THE FIRST PETITION FAILED TO ARGUE THAT TRIAL COUNSEL WAS INEFFECTIVE BY FAILURE TO SEEK AND OBTAIN AN EXPERT ON DEFENDANT'S BEHALF AS A REBUTTAL WITNESS AND TO EXPLAIN TO THE JURY DNA ANALYSIS, PRINCIPLES THE HANDLING [SIC] AND CONTAMINATION OF POTENTIAL DNA AND THE ADMISSIBILITY THEREOF CONSTITUTED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WARRANTING [PCR].

A.   Trial Counsel Was Ineffective For Failure To Move To [ ] Controvert The Search Warrant, And To Suppress Evidence Taken From His Apartment. PCR Counsel Was Ineffective In Failure To Raise This Claim On The First PCR Petition.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific

6

facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further,

7

because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

When a defendant claims that counsel inadequately investigated his case or failed to present certain arguments that allegedly would have been revealed by such an investigation, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 353 (quoting Cummings, 321 N.J. Super. at 170). In addition, deciding which witnesses to call to the stand is "an art," and we must be "highly deferential" to such choices. State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, 466 U.S. at 689, 693).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed in Judge Venable's written opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in her decision to deny the petition without an evidentiary hearing. We are satisfied that the PCR attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

8

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4340-19